**PET**
LYNN V. RIVERA, ESQ.
NEVADA BAR NO. 6797
**Gordon Rees Scully Mansukhani LLP**
201 W. Liberty St., Ste. 320
Reno, NV 89501
Telephone:   (702) 577-9303
Facsimile:   (775) 324-9803
lvrivera@grsm.com
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATE DISTRICT COURT

STATE OF NEVADA

| | |
|---|---|
| KEVIN MITCHELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a foreign corporation; DOES 1-20; and ROE COMPANIES 1-20, inclusive,<br><br>Defendants. | **DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL**<br><br>**Complaint Filed:  9/12/2021** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC. ("Home Depot") by and through its counsel of record, Lynn Rivera, hereby petitions for the removal of the above-captioned action from the Eighth Judicial District Court in Clark County, Nevada to the United States District Court for the District of Nevada, Las Vegas, for the reasons described below:

1. Home Depot is a defendant in a civil action pending in the Eighth Judicial District Court of the Clark County, Nevada entitled Kevin Mitchell v. Home Depot, U.S.A, Inc., et al., Case No. A-21-839342-C. See Declaration of Lynn Rivera in support of Home Depot's Petition for Removal. ("Rivera Dec."), ¶¶ 2-3, Exhibit A.

2. Plaintiff filed a complaint naming Defendant Home Depot in the Eighth Judicial District Court on August 11, 2021. See Rivera Dec., ¶ 2, Exhibit A.

3. Home Depot was served with the summons and complaint on August 27, 2021. See Rivera Dec. ¶ 3.

4. Home Depot was afforded an extension of time to respond to the Complaint until September 24, 2021. See Rivera Dec., ¶ 4, Exhibit B.

5. Home Depot filed a timely answer to the Plaintiff's complaint in Clark County District Court on September 23, 2021. See Rivera Dec, ¶ 5, Exhibit B

6. Plaintiff alleges in the Complaint he is a resident of Clark County, Nevada. See Rivera Dec., ¶ 6, Exhibit A, Para. 1.

7. Plaintiff alleges Defendant Home Depot is a foreign corporation doing business in Nevada. See Rivera Dec., ¶ 2, Exhibit A., Para. 2.

8. Plaintiff alleges one cause of action against Defendant Home Depot for negligence. See Rivera Dec., ¶ 3, Exhibit A, Paras. 18-23.

9. Plaintiff alleges on December 29, 2020, Plaintiff was inside the Subject Premises located at the Home Depot store at 1401 S. Lamb Blvd., Las Vegas, Nevada, 89104 (the "Property"). Specifically, Plaintiff alleges he slipped on a wet substance on the floor of the Property and fell. Home Depot failed to warn of or remedy a dangerous condition. See Rivera Dec., ¶ 8, Exhibit A, Paras. 6-23.

10. Prior to serving the Complaint, Plaintiff provided Home Depot with a written confidential pre-litigation settlement demand. The confidential settlement demand placed Home Depot on notice that the amount in controversy in this matter exceeded $75,000. See Rivera Dec., ¶ 11.

11. On the date, Home Depot was served with the Complaint, on August 27, 2021, Home Depot was on notice from the receipt of the prior written demand the amount in controversy exceeded $75,000. See Rivera Dec., ¶ 3.

12. Home Depot received an extension of time to respond to the Complaint until September 24, 2021. See Rivera Dec., ¶ 4.

13. On September 23, 2021, Home Depot filed a timely answer to the Plaintiff's complaint in Clark County District Court, Nevada. See Rivera Dec., ¶¶ 4-5, Exhibit B.

## JURISDICTION

14. This matter is removable pursuant to 28 U.S.C. Sections 1332 and 1446(b) because the amount in controversy is alleged to exceed $75,000, exclusive of interests and costs.

15. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by Home Depot pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a case that could have been commenced in federal court because it is a civil action between citizens of different states, and that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff and Defendant Home Depot, are, and have been, citizens of different states at all times, and therefore, complete diversity exists in this action, as stated below:

16. **Plaintiff's Citizenship**: Plaintiff is a citizen of the State of Nevada because he resides and is domiciled in Clark County, Nevada. See Rivera Dec., ¶ 7. For purposes of evaluating diversity, a person is a "citizen" of the state in which he is domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983); Kantor v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place he resides with the intent to remain). Accordingly, Plaintiff is a citizen of the State of Nevada.

17. **Defendant's Citizenship**: For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State...by which it has been incorporated and of the State...where it has its principal place of business...." 28 U.S.C. § 1332(c)(1). In accordance with, and pursuant to Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial predominance of corporate operations, courts are to apply the "nerve center" test to determine a corporation's principal place of business. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001). The national corporation's principal place of business is determined by identifying the state "where the majority of the corporation's executives and administrative functions are performed." Id. This test is particularly appropriate where a corporation's activities are widespread and its operations are conducted in many states. Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th

Cir. 1990).

Here, Defendant Home Depot's associates, sales, production activities, income, and purchases are spread across multiple states and no one state substantially predominates. See Rivera Dec., ¶¶ 7-8. Home Depot's corporate offices are located in Atlanta, Georgia, and the majority of Home Depot's executives, managerial and administrative functions occur in Atlanta, Georgia. Rivera Dec., ¶¶ 7-8.

18. Defendant Home Depot is a corporation incorporated under the laws of the Delaware, with its headquarters and its principal place of business in Atlanta, Georgia. Home Depot's executive officers and senior management were and are located at Home Depot's Headquarters in Atlanta. At all times material hereto, Home Depot's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations, human resources, and property development were and are performed at and promulgated from Home Depot's Headquarters in Atlanta, Georgia. See Rivera Dec., ¶¶ 8-9. Accordingly, Home Depot is a citizen of Georgia. Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."); Breitman v. May Co. Cal., 37 F.3d 562, 564 (9th Cir. 1994) (ruling that corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed).

## AMOUNT IN CONTROVERSY

19. Prior to the receipt of the service of the summons and complaint, Home Depot received a written confidential settlement demand from the Plaintiff affording it notice the amount in controversy in this matter exceeded $75,000. See Rivera Dec. ¶ 13. Prior to the receipt of the demand, Home Depot was unable to determine the amount in controversy in this matter exceeded $75,000. (Rivera. Dec, ¶ 9). The conveyance of the confidential settlement demand placed Home Depot on notice the amount in controversy in this matter exceeded $75,000.

20. This Notice of Removal is timely filed under 28 U.S.C. section 1446 (b) (3) in

that Home Depot removes this matter, pursuant to FRCP 26, within 30 days of receipt of Plaintiff's confidential settlement demand received on October 10, 2018. <u>Ballard v. Best Buy Stores, L.P.</u>, 2015 U.S. Dist. LEXIS 9878 (D. Nev. Jan. 27, 2015) (petition for removal was timely because it was served within 30 days of the defendant's actual notice of the damages exceeding $75,000).

21. Therefore, this Petition for Removal is timely filed pursuant to FRCP 26(a)(1)(c) within 30 days of receipt of Plaintiff's summons and complaint served on August 27, 2021.

## NOTICE TO ADVERSE PARTIES

22. Defendant's Notice to Adverse Parties of the State Notice of Removal is being filed in Case No. A-21-779607-C in the Eighth Judicial District Court, in and for the County of Clark, Nevada.

23. Pursuant to the provisions of U.S.C. section 1446, Defendant attach herewith and incorporate herein by reference, copies of the following documents from the Clark County District Court file and/or documents served by and upon the Defendant in this action:

(a) Plaintiff's Complaint (a true and correct copy of which is attached hereto as Exhibit 1);

(b) Home Depot's Answer to Plaintiff's Complaint (a true and correct copy of which is attached hereto as Exhibit 2); and

(c) Declaration of Lynn Rivera (a true and correct copy of which is attached hereto as Exhibit 3).

## NOTICE TO PLAINTIFF AND STATE COURT

24. Immediately following the filing of this notice of removal of action, written notice of this filing will be served on Plaintiff and will be filed with the Clerk of the Eighth Judicial District Court in and for the County of Clark, State of Nevada in accordance with 28 U.S.C. Section 1446(d).

## DEMAND FOR JURY TRIAL

25. Defendant demands a jury trial of twelve jurors pursuant to FRCP 48.

## PRAYER

WHEREFORE, Defendant prays that the above-entitled action, currently pending in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, be removed to the United States District Court for the District of Nevada, and that this action proceed in this Court as an action properly removed thereto pursuant to 28 U.S.C. section 1441, et seq.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of her complaint on file herein;
2. For reasonable attorney fees;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

## AFFIRMATION

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the preceding pleading **does not contain the social security number of any person**.

DATED this 24th day of September, 2021     **GORDON & REES, LLP.**

By _/s/ Lynn V. Rivera_
LYNN V. RIVERA
Nevada Bar No. 6797
201 W. Liberty Street, Ste. 320
Reno, Nevada 89501
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

4828-0575-8658, v. 1

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on the 24th day of September, 2021, I served a true and correct copy of the attached document via the Court's electronic service upon the parties as follows:

Scott E. Phillippus, Esq.
HICKS & BRRASIER, PLLC
2630 S. Jones Blvd.
Las Vegas, NV 89146

/s/ Holly Mitchell
An Employee of GORDON REES
SCULLY MANSUKHANI, LLP

## INDEX

| Exhibit No. | Description | Pages |
|---|---|---|
| A | Declaration of Lynn Rivera | 15 |