**RESNICK & LOUIS, P.C.**
Lynn Rivera, Esq. SBN: 6797
lrivera@rlattorneys.com
8925 W. Russell Road, Suite 220
Las Vegas, NV  89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
*Attorneys for Defendant,*
*Home Depot U.S.A, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN MITCHELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.; a foreign Corporation; DOES 1-20; and ROE COMPANIES 1-20, inclusive,<br><br>Defendants. | CASE NO.: 2:21-CV-01778 RFB-BNW<br><br>**NOTICE AND REQUEST FOR WITHDRAW OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER; [PROPOSED] ORDER** |

PLEASE TAKE NOTICE that Defendant *Home Depot, Inc.,* by and through their attorneys of record, Lynn V. Rivera, Esq. of the law firm of RESNICK & LOUIS, P.C., hereby Request that the U.S.D.C. for the District of Nevada, withdraw the Confidentiality Stipulation and Protective Order that was inadvertently filed on January 4, 2022 due to a clerical error in that the Confidentiality Stipulation and Protective Order was submitted to the Court prematurely by Ms. Rivera's assistant, Kristy Gouveia.

On February 8, 2022, Defendant's counsel sent an e-mail to Scott Philippus, counsel for plaintiff, informing him that the Court denied the Stipulation because Defendant referred to the Nevada Rules of Evidence rather than the Federal Rules of Evidence.  Therefore, counsel for Defendant made the necessary changes pursuant to the Court's reason for denial.  Ms. Rivera's assistant received a copy of said e-mail and filed the Confidentiality Stipulation and Protective Order without proper authority from plaintiff's counsel, Scott Philippus.

1

On February 9, 2022, Ms. Gouveia contacted the Honorable Brenda Weksler's Court's Administrator, Jeffrey Miller, and informed Ms. Gouveia that Chambers would hold the proposed order.

On February 14, 2022, Ms. Gouveia contacted the Court's Administrator, Jeffrey Miller, to inquire as to whether the Court would accept an Amended Confidentiality Stipulation and Protective Order.  Mr. Miller informed Ms. Gouveia at 5:05 p.m. on February 14, 2022, that a Request for Withdraw would need to be filed first, then the Amended Stipulation and Protective Order, when filed, would go straight to Chambers for consideration.  Mr. Miller informed Ms. Gouveia that a Request for Withdraw was needed in order to keep the record straight.

Respectfully Submitted:

DATED:  February 15, 2022            RESNICK & LOUIS, P.C.

*/s/ Lynn Rivera*
LYNN RIVERA, ESQ.
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

### ORDER

IT IS ORDERED that ECF No. 20 is GRANTED.

IT IS FURTHER ORDERED that ECF No. 19 is DENIED as moot.

**IT IS SO ORDERED**
**DATED:** 5:13 pm, February 22, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of **RESNICK & LOUIS, P.C.,** and that on the 15th day of February, 2022, the foregoing **NOTICE AND REQUEST FOR WITHDRAW OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER; [PROPOSED] ORDER**, a copy of which is attached hereto, was served upon the following parties via electronic service and U.S. Mail, postage prepared, addressed as follows:

SCOTT E. PHILIPPUS,ESQ.
HICKS & BRASIER
2630 S. JoNES Blvd.
Las Vegas, NV 89146
scott@lvattorneys.com